IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES KELVIN JOHNS, # 154434, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:19cv707-ECM-SMD |
| STATE OF ALABAMA, et al., | ) | (WO) |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Alabama inmate Charles Kelvin Johns's petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.[1] John challenges his 2017 Pike County guilty plea convictions for making a terrorist threat and resisting arrest. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that Johns's § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.    BACKGROUND**

On November 8, 2017, Johns pleaded guilty in the Pike County Circuit Court to making a terrorist threat, in violation of ALA. CODE § 13A-10-15. Doc. 19-1 at 89–91; Doc. 19-2 at 39–58. One week earlier, Johns pled guilty to resisting arrest, in violation of ALA. CODE § 13A-10-41. Doc. 19-1 at 89–91; Doc. 19-2 at 33–38. The two charges arose

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

from an incident where Johns threatened to get a gun and kill persons present at the First National Bank of Brundidge as police officers were arresting him inside the bank. Doc. 19-1 at 15–16; Doc. 19-2 at 34–35, 50–51, 91. Sentencing was consolidated, and on November 8, 2017, the trial court sentenced Johns as a habitual felon to 180 months in prison for making a terrorist threat and to 6 months in jail for resisting arrest, with the sentences ordered to run concurrently. Doc. 19-1 at 93–96; Doc. 19-2 at 53.

On November 20, 2017, Johns filed a motion with the trial court to withdraw his guilty plea. Doc. 19-1 at 98–99. The trial court conducted a hearing on November 30, 2017. Doc. 19-2 at 59–110. On December 13, 2017, the trial court entered an order denying Johns's motion to withdraw his guilty plea. Doc. 19-1 at 130–31. The court concluded that Johns knowingly, intelligently, and voluntarily entered his guilty plea, that his plea was not "procured through coercion, duress, or any misrepresentation, and [that] his attorney was not ineffective in his representation." Doc. 19-1 at 131.

Johns appealed to the Alabama Court of Criminal Appeals, where his appellate counsel filed a no-merit "*Anders* brief"[2] stating he could find no viable issues for appellate review. Doc. 19-3. Johns was afforded an opportunity to submit pro se issues, and he did so in a lengthy brief where he asserted claims that the Alabama Court of Criminal Appeals was without jurisdiction to consider his appeal because he had removed the action to federal court. Doc. 19-5 at 1–4. Further, Johns contended he did not file an appeal challenging his criminal conviction but instead filed an appeal regarding a "civil

---

[2] *Anders v. California*, 386 U.S. 738 (1967).

2

conversion claim." Doc. 19-5 at 1–2, 5–9. Johns also contended that "the state criminal proceedings were brought in violation of 42 U.S.C. § 1981(c)" because they impaired his access to funds held in his name at the First National Bank of Brundidge. Doc. 19-5 at 2, 9–11. Finally, Johns contended that he was denied "fundamental fairness" by the trial court's refusal to make a determination regarding his claim that the prosecutor threatened him by telling him he could not go back to the bank, thereby denying him access to the funds in his bank account. Doc. 19-5 at 2, 12–19.

On October 5, 2018, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Johns's convictions and sentence. Doc. 19-6. Johns filed no application for rehearing, and he did not petition the Alabama Supreme Court for a writ of certiorari. On October 24, 2018, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 19-7. Johns filed no petition seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.

In September 2019, Johns initiated this action by filing a petition for writ of habeas corpus.[3] Doc. 1. In his petition, which sets forth matters in a vague and confusing fashion, Johns asserts the following:

---

[3] Johns filed his petition using the form for a petition for writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. In an order entered on January 16, 2020 (Doc. 10), this Court informed Johns that the claims in his self-styled § 2241 habeas petition were properly presented in a petition for writ of habeas corpus under § 2254. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), this Court notified Johns of its intention to treat his petition as a § 2254 petition, which would be subject to any procedural limitations for § 2254 petitions, and directed him to advise the Court whether he wished to proceed on his claims under § 2254, or to amend his construed § 2254 petition to assert additional claims under § 2254, or to withdraw his construed § 2254 petition. This Court's "*Castro* Order" also advised Johns that if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2254, with the Court considering only those claims in the construed § 2254 petition (i.e., Doc. 1). Johns filed no response to the Court's *Castro* Order.

3

1. He was denied his right a jury trial when the Alabama Court of Criminal Appeals affirmed his convictions and sentence and issued a certificate of judgment. And the trial court erred in denying his motion for a new trial. Doc. 1 at 6.

2. There was a "constructive denial of counsel" by his court-appointed lawyer, who "failed to interview [Johns] for over a year"; "failed to develop [a] defense strategy"; "struck [a] favorable provision of [the] plea agreement that would have allowed [Johns] to walk free and access [his] account" at the First National Bank of Brundidge. And the trial court improperly denied the injunctive relief necessary for him to access his bank account so he could access the funds he needed to retain counsel of his choice for his criminal defense. Doc. 1 at 6.

3. The prosecutor threatened him by telling him he could not go back to the First National Bank of Brundidge, which prevented him from accessing his bank account. And the trial court erred in refusing to address the prosecutor's threat or to hold a hearing on the matter. Doc. 1 at 6.

4. The Alabama Court of Criminal Appeals was without jurisdiction to consider his appeal because he filed his appeal regarding a civil case. Doc. 1 at 7.

Doc. 1 at 6–7.

Respondents argue, among things, that Johns's claims are procedurally defaulted because he failed to exhaust them in the state courts and a state court remedy on the claims is no longer available. Doc. 19 at 8–10.

## II. DISCUSSION

### A. Exhaustion and Procedural Default

Respondents argue that Johns's claims are unexhausted and procedurally defaulted. Doc. 19 at 8–10. The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). A petitioner must exhaust all available state-

4

court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985). In particular, "[e]xhaustion requires that 'state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (quoting *O'Sullivan*, 526 U.S. at 845).

To exhaust a claim challenging a conviction and/or sentence issued by an Alabama state court, a petitioner must first present the claim to the state court, either through a direct appeal or a Rule 32 post-conviction petition and appeal therefrom. *See Smith v. Jones,* 256 F.3d 1135, 1140–41 (11th Cir. 2001). Thereafter, the petitioner must seek rehearing in the Alabama Court of Criminal Appeals and file a petition for a writ of certiorari in the Alabama Supreme Court. *See id.*; Ala. R. App. P. 39 and 40.

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

5

## B. Exceptions to Procedural Default

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).

Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include a factual or legal basis for a claim that was not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray,* 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

A colorable showing of actual innocence may also provide a gateway to review of an otherwise procedurally barred claim. *See House v. Bell*, 547 U.S. 518, 538 (2006); *Frady*, 456 U.S. at 167–68. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538. Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror

would have found [the] petitioner guilty beyond a reasonable doubt."[4] *Schlup,* 513 U.S. at 327.

### C. Johns's Claims Are Unexhausted and Procedurally Defaulted.

As stated above, Johns sets forth the claims in his § 2254 petition in a vague and confusing fashion. Some of his claims appear to repeat or overlap with claims he raised in his direct appeal, in particular his claims that the Alabama Court of Criminal Appeals was without jurisdiction to consider his appeal because his appeal concerned "a civil case" and his claim that the trial court erred in refusing to address the prosecutor's alleged "threat" or to hold a hearing on the matter. It is less clear whether any of Johns's remaining claims were presented in state court. A review of the record indicates that these claims in Johns's § 2254 petition were not raised in the state court: (1) whether Johns was denied his right to a jury trial; (2) whether the trial court erred in denying his motion for a new trial; (3) whether he was constructively denied counsel; and (4) whether the trial court improperly denied him injunctive relief allowing him access to his bank account. In any event, Respondents correctly argue that *all* of Johns's claims are unexhausted and procedurally defaulted.

---

[4] The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Assuming that, in his direct appeal, Johns presented his claims that the Alabama Court of Criminal Appeals was without jurisdiction to consider his appeal and that the trial court erred in refusing to address or hold a hearing on the prosecutor's alleged "threat," Johns nevertheless failed to submit these claims to a complete round of Alabama's appellate review process. He did not pursue them in an application for rehearing in the Alabama Court of Criminal Appeals after that court issued its memorandum opinion affirming his convictions and sentence, and thereafter he filed no petition for writ of certiorari in the Alabama Supreme Court. *See Smith,* 256 F.3d at 1140–41; Ala. R. App. P. 39 and 40. Thus, Johns did not exhaust these claims in state court.[5] Moreover, because the direct-review process has long since concluded, Johns cannot return to state court to litigate these claims. Therefore, these unexhausted claims are procedurally defaulted. *See Henderson*, 353 F.3d at 891. Johns does not demonstrate cause excusing his procedural default of these claims, and he does not assert his actual innocence. Consequently, these procedurally defaulted claims are not subject to federal habeas review.

---

[5] Johns says he exhausted his claim regarding the Alabama Court of Criminal Appeals' alleged lack of jurisdiction to consider his appeal by presenting the question to the Alabama Supreme Court in a petition for writ of mandamus he filed in November 2018, after the Alabama Court of Criminal Appeals affirmed his convictions and sentence and issued a certificate of judgment. Doc. 27 at 1–3. However, any question regarding the Alabama Court of Criminal Appeals' jurisdiction presented in such a mandamus petition did not constitute a challenge to Johns's convictions and sentence. To the extent Johns wished to challenge his convictions and sentence based on a claim regarding the Alabama Court of Criminal Appeals' jurisdiction, he could only exhaust the issue by raising it in his direct appeal, then seeking rehearing in the Alabama Court of Criminal Appeals, and then pursuing the issue in a petition for writ of certiorari in the Alabama Supreme Court. *Smith*, 256 F.3d at 1140–41. This Court also takes judicial notice of the records of Alacourt, the state's online court-record database, reflecting that the Alabama Supreme Court struck Johns's mandamus petition for both untimeliness and failure to comply with Alabama's applicable rules of appellate procedure, Ala. R. App. P. Rule 21(1) and 39(c)(1). *See* https://v2.alacourt.com, Pike County Case No. CC-2016-278 [DOCUMENT 90]. Johns could not exhaust his claim through his improperly filed petition for writ of mandamus.

Johns's remaining claims, all of which appear to be raised for the first time in his § 2254 petition, are also unexhausted. The claims were not raised or pursued in state court and thus were not submitted to a complete round of Alabama's appellate review process—whether by direct review or, with regard to his claims against counsel, in a Rule 32 petition and an appeal from the denial of a Rule 32 petition. *See Smith,* 256 F.3d at 1140–41. It is too late for Johns to present these claims to the state courts. The direct-review process has concluded, and any claims regarding his counsel would be time-barred under the one-year limitation period in Rule 32.2(c) of the Alabama Rules of Criminal Procedure. Johns cannot return to state court to litigate these claims. Therefore, these claims are procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891. Johns does not demonstrate cause excusing his procedural default of these claims, and he does not assert his actual innocence. Consequently, these procedurally defaulted claims are, like his other claims, not subject to federal habeas review.[6]

---

[6] The narrow exception created by the U.S. Supreme Court in *Martinez v. Ryan*, 566 U.S. 1, 7–8 (2012), does not apply to establish cause excusing the procedural default of any claim asserted by Johns. In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez,* 562 U.S. at 17. Johns filed no Alabama Rule 32 petition. The *Martinez* analysis is inapplicable where a criminal defendant, like Johns, initiates no state collateral-review proceeding whatsoever. *See Gonzalez v. Decatur, Alabama,* 2019 WL 4509845, at *4–5 (N.D. Ala. 2019) (citing *Jones v. Penn. Bd. of Prob. & Parole*, 492 F. App'x. 242, 246–47 (3d Cir. 2012)).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED without an evidentiary hearing and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **by May 25, 2022.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of May, 2022.

                          /s/ Stephen M. Doyle
                          STEPHEN M. DOYLE
                          CHIEF U.S. MAGISTRATE JUDGE